IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY J. HALE and DEBORAH HALE,<br><br>    Plaintiffs,<br><br><br><br><br>                    vs.<br><br><br>FIRST AMERICAN TITLE INSURANCE, AS TRUSTEE, *et al.*,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO RELEASE LIS PENDENS<br><br><br><br>Case No. 2:11-cv-398-TS<br><br>Judge: Ted Stewart |

This matter is before the Court on Defendants' Motions to Dismiss and Release Lis Pendens.  For the reasons discussed below, the Court will grant both of these Motions.

I.  BACKGROUND

On June 21, 2007, Plaintiffs executed a promissory note ("Note") in favor of Defendant Solstice Capital Group Inc. in the principal amount of $155,500.00. The Note was secured by a Deed of Trust that named Defendant First American Title Insurance Company as trustee and Defendant Mortgage Electronic Registrations Systems, Inc. as beneficiary.

Plaintiffs filed this lawsuit on April 1, 2011, bringing a claim for quiet title based on the theory that because the Trust Deed had been split from the Note, "the former is a nullity and should be stricken from the chain of title."[1]

## II.  STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[2]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[3]  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion

---

[1] Docket No. 1, ¶ 11.

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[4] *GFF Corp.*, 130 F.3d at 1384.

[5] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[7]  Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[8]

## III.  DISCUSSION

As a preliminary matter, the Court notes that Plaintiffs, in their Memorandum in Opposition to Defendants' Motion to Dismiss, present two new arguments that were not included in their Complaint. First, they argue that this case should be remanded because diversity jurisdiction is lacking, and second, they request the Court to make a determination regarding who actually holds the original promissory note and trust deed. With regards to the former, not only is this request for remand procedurally improper and untimely,[9] but Defendants have adequately proven complete diversity, and therefore Plaintiffs' argument for remand fails. With regards to the latter, Plaintiffs do not state in their Complaint that they "seek to determine the [Trust Deed's] true party in interest," and hence it is procedurally improper for Plaintiffs to raise this request for the first time in their Memorandum in Opposition to Defendants' Motions. Therefore,

---

[7] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[8] *Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[9] 28 U.S.C. § 1447(c) requires a motion to remand to be filed within 30 days of the filling of the notice of removal.

the Court will not address this request, but will note that even if the Court were to address it, it would be without merit because this request is a derivative of Plaintiffs' "split note" claim, which, as explained below, also fails.

As stated above, Plaintiffs' Complaint brings a single, quiet title claim that rests squarely on a "split note" theory.  This theory has been repeatedly rejected by both this Court and now by the Utah Court of Appeals.[10]  Because Plaintiffs provide no reason for this Court to depart from this precedent, Plaintiffs' claim must fail. The Court will therefore dismiss Plaintiffs' Complaint with prejudice.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss and Release Lis Pendens (Docket Nos. 7 and 8) are GRANTED. It is further

ORDERED that Plaintiffs Timothy J. Hale and Deborah Hale shall release the lis pendens filed in relation to this matter by September 13, 2011.

---

[10] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, — P.3d —, 2011 WL 2714429, at *4-5 (July 14, 2011).

4

Plaintiffs' Complaint is dismissed with prejudice.  The Clerk of the Court is directed to close this case forthwith.

DATED   September 8, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge

5